IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) FDS FINANCIAL, LLC, an Oklahoma limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: ) |
| 1) FEDERAL DEPOSIT INSURANCE CORPORATION, a District of Columbia Corporation, as Receiver for First National Bank of Lindsay, Oklahoma, | ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW the Plaintiff, FDS Financial, LLC, for its Complaint against Defendant, Federal Deposit Insurance Corporation, as Receiver for First National Bank of Lindsay, Oklahoma, alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, FDS Financial, LLC ("FDS"), is an Oklahoma limited liability company doing business in the State of Oklahoma, with its principal place of business in Cleveland County, Oklahoma.

2. Defendant, Federal Deposit Insurance Corporation ("FDIC"), is a District of Columbia corporation authorized to do business in the State of Oklahoma and is acting as the Receiver of the First National Bank of Linday, Oklahoma (the "Bank").

3. This action is brought pursuant to 12 U.S.C. § 1821 (d)(6), and the events giving rise to this action occurred in this District.

4.      This Court therefore has jurisdiction over the parties and the subject matter of this action.

## FACTS

5.      On or about September 25, 2024, the regulatory authority for the Bank, the Office of the Comptroller of the Currency (the "OCC"), informed ownership of the Bank that an injection of funds, between $3,500,000.00 and $4,500,000.00, would be needed to keep the Bank from closing. The Bank was given a ninety (90) day window to comply before closing.

6.      Ownership of the Bank attempted to comply with the requirements of the OCC and therefore set up FDS to inject the necessary funds into the Bank to prevent it from closing.

7.      The OCC had classified many loans which caused the loans to be written off the books and records of the Bank.

8.      Likewise, the OCC had written off the amounts that were overdrawn on the accounts at the Bank.

9.      The written off loans and the overdrawn accounts did not help to capitalize the Bank, as the written off loans and the overdrawn accounts were taken off the books by the OCC.

10.     Ownership of the Bank negotiated with the OCC, and it was approved by the OCC, that FDS would inject $4,000,000.00 into the Bank.

11.     In return for injecting $4,000,000.00 into the Bank, the classified loans and written off overdrafts would be assigned to FDS.

12. FDS completed the injection as requested by the OCC and paid the Bank $4,000,000.00.

13. Following the $4,000,000.00 injection by FDS into the Bank, FDS received an assignment of classified loans and written off overdrafts.

14. On September 30, 2024, the Loan Purchase and Assignment and Assumption of Loan Documents (the "Agreement") was executed by and between the Bank and FDS.

15. Since then, FDS has attempted to collect the written off loans and overdrafts to seek a return of the $4,000,000.00 infusion it paid to the Bank. The $4,000,000.00 was borrowed by FDS as an attempt to keep the Bank from failing.

16. The FDIC was on site at the Bank when this transaction occurred, although the FDIC did not become the regulatory authority until the Bank failed.

17. The Bank failed on October 18, 2024.

18. On November 10, 2024, FDS received from the FDIC an excel spreadsheet titled "FDIC Preliminary Data", and on December 9, 2024, FDS received the electronic loan files under the Agreement.

19. Comparison of the FDIC documents received on November 10, 2024, indicate that funds have been paid towards the classified loans and written off overdrafts, which is property of FDS.

20. Since the Bank failure, FDS has made demand upon the Receiver for the payment of funds that were paid by customers on the classified loans and written off overdrafts assigned to FDS pursuant to the Agreement.

21. After the Bank failed, the FDIC was appointed Receiver for the Bank.

22. On or about February 9, 2025, FDS submitted its request for the unsecured claims, Claimant ID NS10547000287, in the total amount of $163,180.44 (the "Claim").

23. FDS has properly issued its Claim against the Receiver pursuant to the requirements set forth by the FDIC.

24. The Claim submitted by FDS stems from the purchase of the written off loans and the overdrawn accounts purchased by FDS from the Bank under the Agreement.

25. The OCC approved and did not object to the purchase of the classified loans and written off overdrafts under the Agreement.

26. On or about July 29, 2025, the FDIC submitted its Notice of Disallowance of Claim (the "Notice") disallowing the Claim submitted. A true and correct copy of the Notice is attached hereto as **Exhibit 1**.

27. FDS did not receive the Notice, as required by 12 U.S.C. § 1821 (d)(3)(B).

28. The FDIC has disallowed the Claim stating, "[t]he claim was not proven to the satisfaction of the Receiver, pursuant to 12 USC § 1821(d)(5)(D)(i)." *See* Exhibit 1.

29. This is despite the fact that since the filing of the Claim, FDIC and/or the Bank have tendered funds to FDS in the amount of $7,765.38, though approximately $155,415.06 remains due and owing on the classified loans and written off overdrafts that were assigned to FDS under the Agreement.

30. Pursuant to 12 U.S.C. § 1821(d)(6), Plaintiff, FDS, commences this suit objecting to the disallowance of the Claim.

## FIRST CAUSE OF ACTION
### (Improper disallowance of claims under 12 U.S.C. § 1821)

31. FDS incorporates all allegations as set forth in this Complaint as if fully set forth herein as further alleges and states as follows:

32. The FDIC alleges that the Claim was not proven to the satisfaction of the Receiver yet fails to give any factual basis for the disallowance.

33. For its denial of the Claim, the FDIC merely cites to 12 U.S.C. § 1821(d)(5)(D)(i) for the disallowance.

34. The FDIC has not produced any factual reasoning for the disallowance of the Claim.

35. A representative of FDS has made numerous requests to the FDIC regarding the factual basis and supporting evidence for the disallowance of the Claim, yet the FDIC has wholly failed to make any good faith attempt at providing the information. *See* correspondence attached hereto as **Exhibit 2**.

36. On July 29, 2025, FDS submitted both its first and second inquiry to the FDIC regarding the reasoning of the disallowance of the Claim via e-mail. *Id*.

37. On September 10, 2025, FDS submitted its third inquiry to the FDIC regarding the reasoning of the disallowance of the Claim via e-mail. *Id*.

38. The FDIC responded to all three (3) good faith attempts by FDS to supply additional information related to the Claim with the same unresponsive boiler plate language:

> Please refer to the disallowance letter: Pursuant to 12 U.S.C. Section 1821(d)(6), if you do not agree with this disallowance, you have the right to file a lawsuit on your claim (or continue any lawsuit commenced before the appointment of the Receiver). Your lawsuit must be filed within 60 days after the date of this notice. You must file your lawsuit either in the United States District (or Territorial) Court for the District where the Failed Institution's principal place of business was located or in the United States District Court for the District of Columbia.

*See* Exhibit 2.

39. Pursuant to 12 U.S.C. § 1821(d)(6), FDS is entitled to file this Complaint objecting to the disallowance.

40. FDS been deprived of the opportunity to reconcile any deficiencies related to the Claim, if any.

WHEREFORE, Plaintiff, FDS Financial, LLC, respectfully requests that this Court (i) find that the Claim submitted by FDS should have been approved and allowed by the FDIC; (ii) require the FDIC to submit proof and supporting documentation for the disallowance of the Claim; or, in the alternative, (iii) allow FDS the opportunity to submit additional documentation and evidence related to the submission of the Claim for review by the FDIC. Additionally, Plaintiff, FDS Financial, LLC, requests its attorneys' fees, interest and costs incurred in this matter, and any other relief this Court deems proper, just, and equitable.

## SECOND CAUSE OF ACTION
**(Recission of the Agreement and/or Breach of the Agreement)**

41. FDS incorporates all allegations as set forth in this Complaint as if fully set forth herein as further alleges and states as follows:

42. The Claim submitted by FDS arises out of the Agreement, to which the Bank, through the Receiver, is a party.

43. The Agreement was a direct result of negotiations by and between the OCC and the Bank as a way for funds to be injected into the Bank to prevent its closure.

44. The OCC made clear that the Bank needed an injection of funds totaling $4,000,000.00 to keep the Bank open.

45. FDS undertook the financial burden of injecting the funds into the Bank with expectations of the Bank remaining open.

46. The OCC did not object to the injection of funds by FDS into the Bank.

47. The FDIC was present at the time of transaction, and no objection was made.

48. Both FDS and the Bank were under the impression that the purchase of the written off loans and the overdrawn accounts by FDS would keep the Bank open and operating.

49. The sole reason for FDS injecting $4,000,000.00 was to keep the Bank open and prevent its failure.

50. Stated another way, but for the representation that the injection of $4,000,000.00 would permit to keep the Bank open, FDS would not have injected the funds.

51. It was a basic assumption among all parties that the purchase and value of the written off loans and the overdrawn accounts were legitimate and would keep the Bank open.

52. The purchase of the written off loans and the overdrawn accounts are material to this dispute.

53. The Claim submitted by FDS is directly related to the written off loans and the overdrawn accounts purchased by FDS from the Bank.

54. FDS submitted its Claim in accordance with the requirements of the FDIC in an attempt to recover the written off loans and the overdrawn accounts it purchased including the amounts paid to date to the Bank and/or FDIC on the classified loans and written off overdrafts, amounts which have not been paid to FDS.

55. The FDIC has wholly failed to back the written off loans and the overdrawn accounts purchased by FDS from the Bank by failing to provide funds and documentation to FDS, failing to cooperate with FDS, and taking inconsistent positions that FDIC owns the loans in other matters.

56. Had FDS been aware that the Bank would close and it would not receive payments, FDS would not have entered into the transaction to purchase the written off loans and the overdrawn accounts.

57. At a minimum, FDIC's actions result in a breach of contract which has damaged FDS. Alternatively, a mutual mistake has occurred, or a unilateral mistake with bad faith by the FDIC, and/or failure of consideration under the Agreement.

WHEREFORE, Plaintiff, FDS Financial, LLC, respectfully requests that this Court grant the recission of the Agreement and grant the return of the $4,000,000.00 injection by FDS for the purchase of the written off loans and the overdrawn accounts, which will be returned to the Bank. Alternatively, FDS requests damages due to FDIC's breach of

agreement and further requests the turnover of the written off loans and the overdrawn accounts and documentation. Additionally, Plaintiff, FDS Financial, LLC, requests its attorneys' fees, interest and costs incurred in this matter, and any other relief this Court deems proper, just, and equitable.

                Respectfully Submitted,

                /s/ J. Clay Christensen
                J. Clay Christensen (OBA #11789)
                Jonathan M. Miles (OBA #31152)
                Spencer K. Strickland (OBA #36272)
                CHRISTENSEN LAW GROUP, P.L.L.C.
                The Parkway Building
                3401 N.W. 63rd Street, Suite 600
                Oklahoma City, Oklahoma 73116
                Telephone: (405) 232-2020
                Facsimile: (405) 228-1113
                clay@christensenlawgroup.com
                jon@christensenlawgroup.com
                spencer@christensenlawgroup.com
                *Attorneys for FDS Financial, LLC*